**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF** ORANGE

-----------------------------------------------------------x

DEBRA ANDERSON

                        Plaintiff/Petitioner,

       - against -                      Index No. EF002331-2021

WALMART SUPERCENTER STORE#2104 ET.Al

                      Defendant/Respondent.

-----------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING

    PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

    NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

    Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

    The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

    **Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: APRIL 22, 2021

ALEXANDRE JOURAVLIOV, ESQ.
Name

SOBO and SOBO
Firm Name

MVEGA@SOBOLAW.COM
E-Mail

1 DOLSON AVE
Address

MIDDLETOWN, NEW YORK 10940

845-343-0466
Phone

To:  _____

       _____

       _____

12/14/17

Index #                              Page 2 of 2                              EFM-1

Date of Filing:                                             Plaintiff designates
                                                            Orange County
                                                            as the place of trial.

                                                            The basis of venue is the
                                                            Plaintiff's residence address.

                                                            Plaintiff resides at
                                                            New Windsor, New York

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
----------------------------------------------------------------X
DEBRA ANDERSON,

                          Plaintiff,                        **SUMMONS**

     -against-
                                                            Index No.: EF 002331-2021
WAL-MART SUPERCENTER STORE #2104,                           DOF: 4/9/2021
WAL-MART STORES EAST, LP, WAL-MART REAL
ESTATE BUSINESS, and, WALMART, INC
                          Defendants.
----------------------------------------------------------------X

To the above-named Defendants:

    YOU ARE HEREBY SUMMONED, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within - 20- days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

                                                                         SOBO & SOBO, LLP

                                                                         Alexandre Jouravliov, Esq.
                                                                         Attorneys for Plaintiff
                                                                         One Dolson Avenue
                                                                         Middletown, NY 10940
Dated: April 9, 2021
        Middletown, New York                        (845) 343-0466

Defendants' addresses: See Complaint

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------------------X
DEBRA ANDERSON,

        Plaintiff,     **VERIFIED COMPLAINT**

 -against-

                Index No.: EF 002331-2021

WAL-MART SUPERCENTER STORE #2104,
WAL-MART STORES EAST, LP, WAL-MART REAL
ESTATE BUSINESS, and., WALMART, INC.

        Defendants.
------------------------------------------------------------------X

  Plaintiff, DEBRA ANDERSON, by her attorneys, SOBO & SOBO, L.L.P., as and for the Verified Complaint, herein alleges the following:

  1. That at all times hereinafter mentioned, the Plaintiff was and still is a resident of the County of Orange, State of New York.

  2. That at all times hereinafter mentioned, upon information and belief, the Defendant, WALMART SUPERCENTER STORE#2104, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

  3. That at all times hereinafter mentioned, upon information and belief, the Defendant, WALMART SUPERCENTER STORE#2104, was and still is a foreign corporation duly authorized to do business within the State of New York.

  4. That at all times hereinafter mentioned, upon information and belief, the Defendant, WALMART SUPERCENTER STORE#2104, was and still is a business entity doing business within the State of New York.

5. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, was and still is a foreign limited liability partnership organized and existing under and by virtue of the Laws of the State of Delaware.

6. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, was and still is a foreign limited liability partnership duly authorized to do business within the State of New York.

7. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, was and still is a business entity doing business within the State of New York.

8. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART REAL ESTATE BUSINESS, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

9. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART REAL ESTATE BUSINESS, was and still is a foreign corporation duly authorized to do business within the State of New York.

10. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART REAL ESTATE BUSINESS, was and still is a business entity doing business within the State of New York.

11. That at all times hereinafter mentioned, upon information and belief, the Defendant, WALMART SUPERCENTER STORE#2104, was the owner of a certain

premises located at 1202 Route 300, Town of Newburgh, County of Orange, State of New York, known as "Walmart Supercenter."

12. That at all times hereinafter mentioned, upon information and belief, the Defendant, WALMART SUPERCENTER STORE#2104, maintained the aforesaid premises.

13. That at all times hereinafter mentioned, upon information and belief, the Defendant, WALMART SUPERCENTER STORE#2104, managed the aforesaid premises.

14. That at all times hereinafter mentioned, upon information and belief, the Defendant, WALMART SUPERCENTER STORE#2104, controlled the aforesaid premises.

15. That at all times hereinafter mentioned, upon information and belief, the Defendant, WALMART SUPERCENTER STORE#2104, operated the aforesaid premises.

16. That at all times hereinafter mentioned, upon information and belief, the Defendant, WALMART SUPERCENTER STORE#2104, was the lessee of the aforesaid premises.

17. That at all times hereinafter mentioned, upon information and belief, the Defendant, WALMART SUPERCENTER STORE#2104, was the lessor of the aforesaid premises.

18. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, was the owner of a certain premises located at 1201 Route 300, Town of Newburgh, County of Orange, State of New York, known as "Walmart Supercenter."

19. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, maintained the aforesaid premises.

20. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, managed the aforesaid premises.

21. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, controlled the aforesaid premises.

22. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, operated the aforesaid premises.

23. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, was the lessee of the aforesaid premises.

24. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, was the lessor of the aforesaid premises.

25. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART REAL ESTATE BUSINESS, was the owner of a certain premises located at 1202 Route 300, Town of Newburgh, County of Orange, State of New York, known as "Walmart Supercenter".

26. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART REAL ESTATE BUSINESS, maintained the aforesaid premises.

27. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART REAL ESTATE BUSINESS, managed the aforesaid premises.

28. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART REAL ESTATE BUSINESS, controlled the aforesaid premises.

29. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART REAL ESTATE BUSINESS, operated the aforesaid premises.

30. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART REAL ESTATE BUSINESS, was the lessee of the aforesaid premises.

31. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART REAL ESTATE BUSINESS, was the lessor of the aforesaid premises.

32. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART, INC., was the owner of a certain premises located at 1201 Route 300, Town of Newburgh, County of Orange, State of New York, known as "Walmart Supercenter."

33. That at all times hereinafter mentioned, upon information and belief, the Defendant, WALMART, INC., maintained the aforesaid premises.

34. That at all times hereinafter mentioned, upon information and belief, the Defendant, WALMART, INC., managed the aforesaid premises.

35. That at all times hereinafter mentioned, upon information and belief, the Defendant, WALMART, INC., controlled the aforesaid premises.

36. That at all times hereinafter mentioned, upon information and belief, the Defendant, WALMART, INC., operated the aforesaid premises.

37. That at all times hereinafter mentioned, upon information and belief, the Defendant, WALMART, INC., was the lessee of the aforesaid premises.

38. That at all times hereinafter mentioned, upon information and belief, the Defendant, WALMART, INC., was the lessor of the aforesaid premises.

39. That at all times hereinafter mentioned, the interior of Walmart Supercenter store #2104, near the toy section, located at the aforementioned premises, was the situs of the within accident.

40. That on or about the 21st day of June 2018, while this Plaintiff was lawfully upon the aforesaid premises, she was caused to be precipitated to the ground, thereby sustaining severe and serious personal injuries.

41. The negligent, wanton, reckless and careless acts of the Defendants, their agents, servants and/or employees were a cause of the accident and resultant injuries.

42. That the Defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless in, among other things, allowing, causing and/or permitting dangerous, hazardous, slippery and/or unsafe conditions to exist on the aforesaid premises; in acting with reckless disregard for the safety of others, and the Defendants, their agents, servants and/or employees were in other ways negligent, wanton, reckless and careless.

43. That the Defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and/or defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the incident and in the exercise of reasonable care, the Defendants could have and should have had knowledge and notice thereof and further, the Defendants, their agents, servants and/or employees created said condition.

44. The limited liability provisions of CPLR 1601 do not apply pursuant to the exceptions of CPLR 1602, including, but not limited to, 1602(2)(iv), 1602(7) and 1602(11).

45. That by reason of the foregoing, this Plaintiff was caused to sustain severe and serious personal injuries to her mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, this Plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; the Plaintiff further was caused to lose substantial periods of time from her normal vocation and activities, and upon information and belief, may continue in that way into the future and suffer similar losses.

46. That by reason of the foregoing, this Plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, as follows:

A sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, together with the costs and disbursements of this action.

DATED: April 9, 2021
Middletown, New York

Alexandre Jouravliov, ESQ.
SOBO & SOBO, LLP
*Attorneys for Plaintiff*
One Dolson Avenue
Middletown, NY 10940
(845) 343-0466

TO:   WALMART SUPERCENTER 2104
      C/O Defendant
      1201 Route 300
      Newburgh, NY 12550

      WALMART STORES EAST LP
      C/O Secretary of State
      Albany, New York

      WALMART INC.
      C/O Secretary of State
      Albany, New York

      WAL-MART REAL ESTATE BUSINESS
      C/O Secretary of State
      Albany, New York

## VERIFICATION

STATE OF NEW YORK, NEW YORK          ss:

DEBRA ANDERSON, being duly sworn says; I am the Plaintiff in the action herein; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
DEBRA ANDERSON

Sworn to before me on this
April 8, 2021

_____
NOTARY PUBLIC

ALEXANDRE THIERRY JOURAVLIOV
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02JO6408107
Qualified in Delaware County
My Commission Expires: 8/3/2024

WM 21-362 TO
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

-------------------------------------------------------------------X
DEBRA ANDERSON,

        Plaintiff,

  -against-

WAL-MART SUPERCENTER STORE #2104, WAL-MART STORES EAST, LP, WAL-MART REAL ESTATE BUSINESS, AND., WALMART, INC.,

        Defendants.
-------------------------------------------------------------------X

Index No.: EF002331-2021

**VERIFIED ANSWER**

    The defendant, WAL-MART STORES EAST, LP I/S/H/A "WAL-MART SUPERCENTER STORE #2104, WAL-MART STORES EAST, LP WAL-MART REAL ESTATE BUSINESS, AND., WALMART, INC.", by its attorneys, BRODY O'CONNOR & O'CONNOR, answering the Verified Complaint herein states upon information and belief:

    1: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "1" and each and every part thereof.

    2: Defendant denies the allegations set forth in paragraphs marked "2" and "3" and each and every part thereof.

    3: Defendant denies the allegations set forth in paragraphs marked "4", "5", "6" and "7" except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York.

    4: Defendant denies the allegations set forth in paragraphs marked "8" and "9" and each and every part thereof.

5: Defendant denies the allegations set forth in paragraph marked "10" except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York.

6: Defendant denies the allegations set forth in paragraph marked "11" and each and every part thereof.

7: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "12", "13" and "14" and refers all questions of law to the trial court.

8: Defendant denies the allegations set forth in paragraph marked "15" except admits that WAL-MART STORES EAST, LP is the operator of the Walmart store in Newburgh, New York.

9: Defendant denies the allegations set forth in paragraph marked "16" except admits that WAL-MART STORES EAST, LP is the sublessee of that portion of the premises comprising the Newburgh Walmart store.

10: Defendant denies the allegations set forth in paragraphs marked "17" and "18" and each and every part thereof.

11: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "19", "20" and "21" and refers all questions of law to the trial court.

12: Defendant denies the allegations set forth in paragraph marked "22" except admits that WAL-MART STORES EAST, LP is the operator of the Walmart store in Newburgh, New York.

13: Defendant denies the allegations set forth in paragraph marked "23" except admits that WAL-MART STORES EAST, LP is the sublessee of that portion of the premises comprising the Newburgh Walmart store.

14: Defendant denies the allegations set forth in paragraphs marked "24" and "25" and each and every part thereof.

15: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "26", "27" and "28" and refers all questions of law to the trial court.

16: Defendant denies the allegations set forth in paragraph marked "29" except admits that WAL-MART STORES EAST, LP is the operator of the Walmart store in Newburgh, New York.

17: Defendant denies the allegations set forth in paragraph marked "30" except admits that WAL-MART STORES EAST, LP is the sublessee of that portion of the premises comprising the Newburgh Walmart store.

18: Defendant denies the allegations set forth in paragraphs marked "31" and "32" and each and every part thereof.

19: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "33", "34" and "35" and refers all questions of law to the trial court.

20: Defendant denies the allegations set forth in paragraph marked "36" except admits that WAL-MART STORES EAST, LP is the operator of the Walmart store in Newburgh, New York.

21: Defendant denies the allegations set forth in paragraph marked "37" except admits that WAL-MART STORES EAST, LP is the sublessee of that portion of the premises comprising the Newburgh Walmart store.

22: Defendant denies the allegations set forth in paragraph marked "38" and each and every part thereof.

23: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "39" and "40" and each and every part thereof.

24: Defendant denies the allegations set forth in paragraphs marked "41", "42" and "43" and each and every part thereof.

25: Defendant denies the allegation set forth in paragraph marked "44" and refers all questions of law to the trial court.

26: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "45" and "46" and each and every part thereof.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

27: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

28: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages was caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29: Plaintiff's recovery, if any shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP I/S/H/A "WAL-MART SUPERCENTER STORE #2104, WAL-MART STORES EAST, LP WAL-MART REAL ESTATE BUSINESS, AND., WALMART, INC.", requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
       June 07, 2021

                                  Yours, etc.

                                  BRODY O'CONNOR & O'CONNOR
                                  Attorneys for Defendant

By: _____
PATRICIA A. O'CONNOR
7 Bayview Avenue
Northport, New York  11768
(631) 261-7778
File No.: WM 21-362 TO

TO:  SOBO & SOBO, LLP
     Attorneys for Plaintiff
     One Dolson Avenue
     Middletown, New York  10940
     (845) 343-0466

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The ground of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences has with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
      June 07, 2021

                                                                          PATRICIA A. O'CONNOR